DECISION
{¶ 1} Appellant, Allen E. Brown, appeals from the ruling of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which it denied his motion for relief from judgment under Civ. R. 60(B). He assigns three errors for our consideration:
 [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR RELEIF FROM JUDGEMENT [sic].
 [II] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT A HEARING ON ITS MOTION FOR RELIEF FROM JUDGEMENT [sic]. *Page 2 
 [III] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DETERMINING THAT NO SERVICE WAS MADE UPON APPELLEE AND THEREFORE RULED ON APPELLANT'S MOTION FOR RELIEF FROM JUDGEMENT [sic] BEFORE IT WAS RIPE, IN VIOLATION OF LOCAL RULE 13(C)(3).
 {¶ 2} Appellant was divorced from appellee, Denise A. Brown, via an Agreed Judgment Entry/Decree of Divorce filed September 10, 2002. On January 5, 2007, appellant filed a motion for relief from judgment based upon unforeseen changes involving his employer Delphi Automotive. He alleged that he had been forced to retire before the time contemplated when his divorce became final and this forced retirement was detrimental to him because it increased the amount of the payments to appellee under his retirement plan.
 {¶ 3} In the first assignment of error, appellant alleges that the trial court abused its discretion when it failed to grant his motion under Civ.R. 60(B).
 {¶ 4} Civ.R. 60(B) reads:
 Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was *Page 3 
entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.
 {¶ 5} Subparagraphs (1), (2) and (3) must be filed within one year. Obviously, the present motion for relief from judgment was filed well beyond the one year limitation. Thus, subparagraphs (4) and (5) are the only portions of the rule which could be a basis for changing the agreed decree of divorce.
 {¶ 6} Subparagraph (4) mentions judgments which have been satisfied, released or discharged. None of these apply. The only remaining portion of subparagraph (4) is that "it is no longer equitable that the judgment should have prospective application."
 {¶ 7} The motion filed on behalf of appellant mentions only that he will have more money from his pension paid over to appellee. The motion does not mention any other adverse input on appellant, such as poverty, inability to pay his bills or other negative results. In fact, the motion makes it appear that appellant's income is unchanged due to income from other employment. Without some other effect, we cannot say that the result of enforcing the terms of the agreed decree are "no longer equitable."
 {¶ 8} The motion does not specify "any other reason justifying relief from the judgment" and we do not discern one.
 {¶ 9} The trial court arrived at the appropriate ruling, given the facts of the case as presented in the motion.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} To justify an evidentiary hearing on the motion, the motion needed to allege something additional. The fact that appellant was going to have to pay more than he *Page 4 
originally planned, in and of itself, is not enough to justify holding an evidentiary hearing. The agreed divorce clearly contemplated that an early retirement could occur as evidenced by the fact that it made an express provision for that event. The trial court was well within its discretion to rule based upon the motion without conducting an evidentiary hearing to develop facts not mentioned in the motion.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} The third assignment of error is correct in its assertions about service of the motions via a certificate of service. Certified mail was used to serve the former Denise Brown, now known as Denise Walton. A certificate of service on the motion was at least unnecessary and possibly inappropriate. However, the trial judge's comments about service were of no practical impact. The judge ruled on the merits of the motion and ruled appropriately.
 {¶ 14} Because the erroneous comments about service were not prejudicial, the third assignment of error is also overruled.
 {¶ 15} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
SADLER, P.J., and DESHLER, J., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1